United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 02-20332
_____

JOHN H. BAKER, III; BRANARD BROCHSTEIN; MARK COLLINS; DANIELS
& COLLINS PROFESSIONAL CORP.; ALLEN B. DANIELS; BEN B. FLOYD;
FLOYD, ISGUR, RIOS & WAHRLICH PROFESSIONAL CORP.; HOUSTON BAR
ASSOCIATION; LAWRENCE J. FOSSI; DANIEL E. O'CONNELL, Chapter
13 Trustee; HUGH M. RAY, III; RICHARD SCHMIDT, Honorable;
RICHARD SIMMONS; STATE BAR OF TEXAS

                    Plaintiffs - Appellees

     v.

CLAUDE HUGH LLOYD; ET AL.

                    Defendants

CLAUDE HUGH LLOYD; CASSONDRA JEAN LLOYD

                    Defendants - Appellants
_____


_____

No. 02-20404
_____

In The Matter Of:  CASSONDRA LLOYD; CLAUDE HUGH LLOYD

                    Debtors

--------------------------

CASSONDRA LLOYD, doing business as Big Oaks
Materials, also known as Yahweh Kingdom People; CLAUDE HUGH
LLOYD, doing business as Big Oaks Materials, also known as
Yahweh Kingdom People

                    Appellants

     v.

RICHARD SIMMONS, U. S. Trustee; RICHARD SCHMIDT, Judge U. S.

Bankruptcy Court for the Southern District of Texas Houston
Victoria Division; DANIEL E. O'CONNELL, Chapter 13 Trustee;
BEN B. FLOYD; HUGH RAY; THOMAS J. PEARSON; ALLEN B. DANIELS;
MARK B. COLLINS; MARJORIE PAYNE BRITT; EDMUND L. COGBURN; JOHN
H. BAKER, III; LAURANCE FOSSI; BRANARD H. BROCHESTEIN; STEWART
TITLE COMPANY OF CALIFORNIA INC.; LAWYERS TITLE CO.; HOUSTON
BAR ASSOCIATION; SUPREME COURT

                          Appellees

_____


                   _____

                      No. 02-20531
                   _____

In The Matter Of:  CLAUDE HUGH LLOYD; CASSONDRA DOUGLAS LLOYD

                          Debtors

--------------------------

CLAUDE HUGH LLOYD; CASSONDRA DOUGLAS LLOYD

                          Appellants

_____


                   _____

                      No. 02-20573
                   _____

In The Matter Of:  THOMAS J. PEARSON; CAROLYN PEARSON

                          Debtors

--------------------------

CLAUDE HUGH LLOYD, JR.; CASSONDRA LLOYD

                          Appellants

                   --------------------
            Appeals from the United States District Court
              for the Southern District of Texas, Houston
                   --------------------


                             2

Before JOLLY, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The Appellees in these consolidated appeals filed an "Application for District Court to Enforce Multiple Injunctions Against Vexatious Litigants" on the district court's miscellaneous docket. The district court issued a show cause order and conducted a hearing on the Application. The district court found that the Appellants, Claude Hugh Lloyd, Jr. and Cassondra Lloyd, had violated a bankruptcy court's order imposing pre-filing restrictions against them; that they had conspired with Barbara Youngs Settle, who is also the subject of pre-filing restrictions imposed against her by this court and the United States District Court for the Southern District of Texas, to engage in conduct violative of other orders; and that the proceedings were "totally and wholly frivolous." The district court entered an order dismissing all pending cases in the bankruptcy and district courts of the Southern District of Texas, and imposed pre-filing restrictions requiring the Lloyds to obtain the court's permission before filing any new letters or pleadings in those courts.

In these consolidated appeals, the Lloyds challenge the district court's order, as well as the dismissal of three other proceedings pursuant to the district court's order. In their pro

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

3

se brief, much of which is incomprehensible and incoherent, the Lloyds argue that: (1) the Application filed on the district court's miscellaneous docket was invalid because it did not satisfy the standards of Federal Rules of Civil Procedure 7, 12(b)(6), and 56(e); (2) the district court did not have jurisdiction to enter the order in the miscellaneous action, because the original contempt order against the Lloyds was issued by a different court; (3) the show cause hearing in the miscellaneous action was improper because the parties were not placed under oath prior to their testimony; (4) the district court was biased and prejudiced against them because of his previous experience with Settle; (5) the district court erred by excluding evidence; (6) the pre-filing restrictions imposed against them by the district court violate the First and Fifth Amendments and deny them substantive and procedural due process; and (7) their pending cases in the Southern District of Texas should not have been dismissed.

The district court's findings that the Lloyds had engaged in vexatious conduct, and had knowingly violated pre-filing restrictions imposed against them, are not clearly erroneous. The district court also correctly observed that the proceedings filed by the Lloyds were "totally and wholly frivolous." Therefore, the district court did not abuse its discretion by dismissing the pending proceedings filed by the Lloyds in the Southern District of Texas and by imposing reasonable pre-filing restrictions to prevent

4

them from further abusing the judicial process.  The other pending proceedings filed by the Lloyds were properly dismissed pursuant to the district court's order in the miscellaneous action.

The Lloyds' appeals are DISMISSED as frivolous and entirely without merit.  See 5TH CIR. R. 42.2.

D I S M I S S E D.